## MAYNARD, Appellant, *v.* WATKINS ET AL., Respondents.

### (No. 3,909.)

#### (Submitted May 3, 1918. Decided May 28, 1918.)

#### [173 Pac. 551.]

*Water Rights—Appropriation — Essentials—Doctrine of Relation.*

Water Rights—Appropriation—Essentials.

    1.  The essential features of an appropriation of water made prior to Laws of 1885, page 130, were a completed ditch and the application of water to a beneficial use.

Same—Doctrine of Relation.

    2.  Where two rival claimants sought to secure appropriations from the same stream at the same time, prior to Laws of 1885, page 130, each one prosecuting work upon his ditch with reasonable diligence to completion and applying water to a benficial use, the one who commenced his ditch first secured priority by virtue of the doctrine of relation, his appropriation relating back to the date he commenced work on the ditch.

    [As to what constitutes appropriation of water, see note in 60 **Am. St. Rep.** 799.]

*Appeal from District Court, Madison County; J. B. Poindexter, Judge.*

ACTION by Lucy K. Maynard against George S. Watkins and others. From the decree, plaintiff appeals. Modified and affirmed.

*Mr. Geo. Y. Patten,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. M. S. Duncan,* for Respondent Geo. S. Watkins, submitted a brief, and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By a decree of the district court of Madison county the relative rights of these parties to the use of the waters of Jordan Creek and its tributaries for irrigation purposes were fixed and

Generally on right of prior appropriators of water, under special statute or custom, see comprehensive note in 30 **L. R. A.** 668.

determined. Twelve distinct appropriations were recognized and established, but of these only two are called in controversy by these appeals. The court found that on May 1, 1884, plaintiff appropriated 100 inches, and defendant Watkins 60 inches, from Jordan Creek proper. Plaintiff has appealed, and her particular grievance is that the court did not give priority to her appropriation.

In so far as it affects the question now in issue, the evidence is not in conflict at all. During the month of June of each year there is abundance of water in the Jordan Creek system to supply the needs of all the parties, but by July 1 the waters begin to diminish in quantity, and from July 15 there is not to exceed 200 inches in Jordan Creek at plaintiff's ranch; so that, after satisfying her 1868 appropriation of 130 inches, the excess is not sufficient to supply these two appropriations of 1884, and under the decree as it now stands plaintiff will be required to divide the excess with defendant Watkins.

The evidence discloses without controversy that plaintiff's ditch was constructed in the fall of 1883, and water was applied to a beneficial use through it in the spring of 1884. The ditch of defendant Watkins was constructed in the spring of 1884, and used that season, if we give full credit to certain inferences fairly deducible from the evidence. The trial court failed to find the elemental facts from which a conclusion could be drawn that an appropriation was made, but declared the conclusion as a fact that plaintiff "did divert and appropriate of the waters of Jordan Creek the following," *etc.* It is perfectly apparent that the attention of the court was not directed to the law which governs these two appropriations.

Our first statute prescribing the method of making an appropriation was not enacted until March 12, 1885 (Laws
[1] 1885, p. 130). Prior to that date all appropriations were made pursuant to the rules and customs of the early settlers of California, which had been adopted in Montana territory and given the force of law, by recognition of the legislature (Bannack Statutes, Laws 1869–70, p. 57) and the courts. This legislative

and judicial history was reviewed at length in *Bailey* v. *Tintinger*, 45 Mont. 154, 122 Pac. 575, and need not be repeated here. Since both of these appropriations were made prior to March 12, 1885, and are therefore governed by the rules and customs rather than by statute, our inquiry is limited. What were those rules and what legal conclusions follow as of course from the undisputed evidence before us?

1. The essential elements of an appropriation were a completed ditch and the application of water through it to a beneficial use. (*Murray* v. *Tingley,* 20 Mont. 260, 50 Pac. 723.)

2. As between two rival claimants seeking to secure appropriations from the same stream at the same time, and each one prosecuting work upon his ditch with reasonable diligence to completion and applying the water to a beneficial use, the one who commenced his ditch first secured the priority by virtue of the doctrine of relation. (*Woolman* v. *Garringer,* 1 Mont. 535; *Murray* v. *Tingley,* above; *Wright* v. *Cruse,* 37 Mont. 177, 95 Pac. 370.) In other words, his appropriation related back to the date he commenced work upon his ditch. The trial court failed to apply these rules, and fell into error. This particular doctrine of relation was superseded by the statutory rule, but the statute has no application here.

Under the undisputed facts, plaintiff's right should have been dated 1883; for, if it were necessary to do so, we would find that work commenced and completed on a ditch in the same fall was prosecuted with reasonable diligence. (*Bailey* v. *Tintinger,* above.)

A new trial is unnecessary, and the order will stand affirmed.

This cause is remanded to the district court, with directions to modify finding No. 5b by substituting "in the fall of 1883" for "May 1, 1884," and the conclusion of law 1b and the decree to conform with such amended finding, and, as thus modified, the decree will stand affirmed. Appellant will recover her costs.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.